UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY L. MORROW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:12CV1453RWS |
| | ) (NCC) |
| IAN WALLACE, | ) |
| | ) |
| Respondent, | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (Doc. 10). After reviewing the case, the court has determined that Petitioner is not entitled to relief. As a result, the court will recommend that the relief sought by Petitioner be denied and that the Petition be dismissed.

**I.**
**BACKGROUND**

Petitioner was charged, by a Second Amended Information, with the following: Attempted enticement of a child, in violation of Mo. Rev. Stat. § 566.151, in that, on January 25, 2008, Petitioner, who was twenty-one years of age or older, drove S.T., who was then less than fifteen years of age, to a secluded area

and told her to perform oral or vaginal sex with him, and such conduct was a substantial step towards the commission of the crime of enticement of a child by attempting to persuade a person less than fifteen years of age to engage in sexual conduct, and this was done for the purpose of committing such enticement of a child (Count 1); statutory rape in the second degree, in violation of Mo. Rev. Stat. § 566.034, in that, on July 19, 2007, Petitioner had sexual intercourse with A.T., and, at the time, A.T. was less than seventeen years old and Petitioner was twenty-one years of age or older (Count 2); and statutory sodomy in the second degree, in violation of Mo. Rev. Stat. § 566.064, in that, on July 19, 2007, Petitioner had deviate sexual intercourse with A.T., and, at the time, A.T. was less than seventeen years old and Petitioner was twenty-one years of age or older (Count 3). Petitioner was charged as a prior and persistent offender. (Resp. Ex. B at 13-14).

According to the Missouri appellate court, the testimony at Petitioner's trial was as follows:[1]

---

[1] In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003)). See also Simmons v. Luebbers, 299 F.3d 929, 942 (8th Cir. 2002). Explicit and implicit findings by state trial and appellate courts are presumed to be correct. Rushen v. Spain, 464 U.S. 114, 120 (1983); Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 545-47, 550 (1981). Additionally, the Eighth Circuit holds that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class, 152 F.3d 863, 867 (8th Cir. 1998)

[Petitioner] was married to the grandmother of sisters, A.T. and S.T. On July 19, 2007, when A.T. was fourteen years old, [Petitioner] gave A.T. a ride to her grandmother's house. At one point, he pulled the car over, sodomized and raped A.T., and threatened to kill her if she ever told anyone. [Petitioner] then dropped A.T. off at her grandmother's house and left to go to the store. A.T. told her grandmother that [Petitioner] had raped her, but her grandmother called her a liar and told her that nobody would believe her. A.T. made no other efforts to report the assault until an incident occurred involving [Petitioner] and her sister, S.T.

On January 25, 2008, when S.T. was twelve years old, [Petitioner] took her to a skating rink. On the ride home from the rink, [Petitioner] exited the interstate, pulled off [to] a back road, and essentially told S.T. that she could choose between being raped or sodomized, but that she must choose one or the other. S.T. refused, and told [Petitioner] that she had to go to the bathroom. As the two exited the vehicle, S.T. started running, losing her jacket and a shoe. [Petitioner] chased her and threatened to kill her. After lying in a field to hide from [Petitioner], S.T. eventually made her way to the interstate and flagged down a car. The occupants of that car took her home. S.T. told her aunt, who was her legal guardian, about the incident, and her aunt took her to the local emergency room. At the hospital, S.T. gave a written statement to the juvenile officer on duty, who later also took the statement of A.T. A nurse practitioner took a history from A.T. and performed a general physical exam but did not perform a genital exam. A deputy sheriff visited the scene of the incident involving S.T. a day or two later, located where the car had

---

(citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir. 1988). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). "Questions of witness credibility are usually considered to be issues of fact." Id. (citing Brown v. Allen, 344 U.S. 443, 506 (1953)). Mixed questions of law and fact, however, are not entitled to a presumption of correctness pursuant to § 2254(d). Cornell v. Nix, 976 F.2d 376, 382 (8th Cir. 1992).

been parked, and found the jacket and shoe that S.T. lost when she ran.

(Resp. Ex. J at 2-3).

Petitioner was convicted as charged, and he was sentenced, as a prior and persistent offender, to 30 years in prison for Count 1, ten years in prison for Count 2, and ten years in prison for Count 3, with all sentences to run concurrently. (Resp. Ex. B at 77-79).

Petitioner filed a direct appeal. (Resp. Ex. D). The Missouri appellate court affirmed the judgment against him. (Resp. Ex. E). Petitioner then filed a pro se post-conviction relief motion. (Resp. Ex. G at 5-11). Counsel was appointed and filed an amended motion. (Resp. Ex. G at 12-29). The motion court denied Petitioner's amended post-conviction relief motion. (Resp. Ex. G at 3-36). Petitioner appealed the motion court's decision. (Resp. Ex. H). By decision, dated July 30, 2012, the Missouri appellate court affirmed the decision of the motion court. (Resp. Ex. J).

In his § 2254 Petition, Petitioner raises the following claims:

**(1)** Petitioner received ineffective assistance of counsel because his trial counsel failed to move to sever the charge involving S.T. from those involving A.T.; and

**(2)** Petitioner received ineffective assistance of counsel because his trial counsel failed to object to the "SAFE" nurse's testimony as to why children delay reporting sexual assaults.

# II.
# EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court has held that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

Petitioner sufficiently raised the issues which he brings before this court to the Missouri appellate court. Also, his § 2254 Petition was filed within the limitations period. The court finds, therefore, that Petitioner's § 2254 is properly before this court.

### III.
### MERITS STANDARD

"In the habeas setting, a federal court is bound by the AEDPA[2] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## IV.
## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

Federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." Knowles v. Mirzayance, 556 U.S. 111 (2009). First, a petitioner must overcome the high bar of Strickland v. Washington, 466 U.S. 668 (1984), by showing that (1) counsel's performance fell below an objective standard of reasonableness; and (2) petitioner was sufficiently prejudiced such that "the result of the proceeding would have been different." Id. at 688, 694. Second, under 28 U.S.C. § 2254, a petitioner must show that the state court's adjudication

7

of his ineffective assistance claim was "unreasonable." Harrington v. Richter, 131 S. Ct. 770, 788 (2011). Both the Strickland standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788.

## V.
## DISCUSSION

**Ground 1:**

In Ground 1, Petitioner claims he received ineffective assistance of counsel because his trial counsel failed to move to sever the charge involving S.T. from the charges involving A.T. Petitioner argued, on appeal, that counsel should have done so because the jury was likely to consider the evidence of the alleged rape and sodomy involving A.T. against Petitioner in considering whether he was guilty of attempted child enticement involving S.T. (Resp. Ex. H at 18-29).

Upon addressing the issue of Petitioner's Ground 1, as well as Petitioner's claim of ineffective assistance as alleged in Ground 2, the Missouri appellate court considered that the two-pronged test for ineffective assistance of counsel articulated by the Supreme Court in Strickland, 466 U.S. at 687, 689, was applicable to Petitioner's ineffective-assistance claims, and noted that, pursuant to this test, Petitioner was required to show both that counsel's performance was unreasonable and that he suffered prejudice resulting from counsel's ineffective

performance. (Resp. Ex. J at 5-6). Specifically as to Ground 1, the Missouri appellate court held:

> "Whether to file a motion to sever is part of a counsel's trial strategy which we will not second guess on appeal." Clay v. State, 310 S.W.3d 733, 737 (Mo. App. 2010) . . . . "Trial strategy generally does not constitute ineffective assistance of counsel[,]" Clay, 310 S.W.3d at 737, and "'[s]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable[,]'" Taylor v. State, 126 S.W.3d, 755, 759 (Mo. banc 2004) (quoting State v. Tokar, 918 S.W.2d 753, 761 (Mo. banc 1996) (citing Strickland, 466 U.S. at 690-91).
>
> Movant's trial counsel testified at the evidentiary hearing that his decision not to file a motion to sever the offenses was a strategic one; this strategy was to use the timing of A.T.'s delayed reporting to damage the credibility of both victims by showing "that the sisters had made up the stories." Trial counsel testified that he felt this theory of defense was "the only hope [he] had[,]" especially in light of Movant's extensive criminal history, which included eleven or twelve prior felonies, at least one of which was a sexual offense. According to trial counsel, severing the offenses would leave Movant's defense with nothing more than Movant's own testimony, which was not likely to be beneficial given the potential for impeachment for his prior offenses and the concomitant disclosure of those offenses, including a sexual offense, to the jury. Trial counsel made this decision after reviewing all of the evidence in this case.
>
> In his brief on appeal, rather than attack the reasonableness of trial counsel's chosen trial strategy, Movant almost exclusively argues that filing a motion to sever would have been a reasonable trial strategy. This argument misses the mark. "It is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006).
>
> Moreover, whether joinder is "proper or improper under the law, the decision to sever is within the trial court's discretion." State v. Davis, 825 S.W.2d 948, 953 (Mo. App. 1992). Thus, in order to

prevail on his claim here, Movant must have demonstrated that it would have been an abuse of the trial court's discretion to deny severance had trial counsel file[d] a motion to sever. See id. Movant's only argument on this issue is that S.T.'s testimony would have been inadmissible propensity evidence in Movant's trial on the charges relating to A.T. In support of this contention, Movant offers a lengthy quote regarding the general inadmissibility of propensity evidence; he then conclusively states, "The attempted enticement of S.T. was not logically or legally relevant to whether Movant committed the offenses involving A.T." Movant does not expound upon this statement whatsoever . . . . "It is neither the responsibility nor the function of this Court to pursue the record and create an argument for [Movant] when he has failed to make one." State v. Talley, 258 S.W.3d 899, 908 (Mo. App. 2008). At the very least, this effort does not rise to the level of showing that the trial court would have abused its discretion in denying a motion to sever had one been filed.

In conclusion, "[r]easonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006). Thus, the motion court did not clearly err in finding trial counsel's decision not to file a motion to sever reasonable trial strategy. Because Movant failed to satisfy the performance prong, we need not engage in analysis of the prejudice prong. See Strickland, 466 U.S. at 697; Sanders, 738 S.W.2d at 857. Movant's first point is denied.

(Resp. Ex. J at 6-7) (alterations in original).

The court will consider federal law applicable to Petitioner's Ground 1. The United States Supreme Court stated in Strickland, 466 U.S. at 688-91, that:

In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Prevailing norms of practice as reflected in the American Bar Association standards and the like, e.g., ABA Standards for Criminal Justice 4-1.1 to 4-8.6 (2d ed. 1980) ("The Defense Function"), are guides to determining what is

reasonable, but they are only guides. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. [citation omitted]. . . .

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133–134, 102 S. Ct. 1558, 1574–1575, 71 L. Ed. 2d 783 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See Michel v. Louisiana, supra, 350 U.S., at 101, 76 S. Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. [citation omitted].

. . . .

. . . . *[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable*; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.

(emphasis added).

11

The Eighth Circuit noted, in Marcrum v. Lubbers, 509 F.3d 489, 502-505 (8th Cir. 2007):

> The Supreme Court has held in several cases that the habeas court's commission is not to invent strategic reasons or accept any strategy counsel could have followed, without regard to what actually happened; when a petitioner shows that counsel's actions actually resulted from inattention or neglect, rather than reasoned judgment, the petitioner has rebutted the presumption of strategy, even if the government offers a possible strategic reason that could have, but did not, prompt counsel's course of action. Rompilla v. Beard, 545 U.S. 374, 395-96, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005) (O'Connor, J., concurring); Wiggins v. Smith, 539 U.S. 510, 526-27, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003); Kimmelman, 477 U.S. at 385. . . . .

Additionally, under federal law, an appellate court will reverse a denial of a motion to sever only when the defendant shows an abuse of discretion that resulted in severe prejudice. United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal" by the denial of a severed trial. United States v. Garrett, 648 F.3d 618, 625-26 (8th Cir. 2011) (quoting United States v. Koskela, 86 F.3d 122, 126 (8th Cir. 1996)). A defendant bears the burden of establishing prejudice. Garrett, 648 F.3d at 626).

Further, a motion to sever may be granted where "it appears that compelling or severe prejudice will result to the defendant." United States v. Young, 753 F.3d 757, 777 (8th Cir. 2014); see also United States v. Munoz, 894 F.2d 292, 295 (8th Cir. 1990) (finding no error where denial of severance did not affect defendant's

substantial rights). The Eighth Circuit has specifically held that defense counsel's decision not to seek severance, when based on a defendant's defense strategy, is a strategic decision which a reviewing court will not second guess. Flowers v. Norris, 585 F.3d 413, 417 (8th Cir. 2009).

Moreover, the Federal Rules of Criminal Procedure provide that "multiple counts can be charged in a single indictment as long as the offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) constitute parts of a common scheme or plan." Garrett, 648 F.3d at 625 (citing Fed. R. Crim. P. 8(a); United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008)).

In Petitioner's case, the Missouri appellate court considered that defense counsel stated he did not file a motion to sever because he intended to use A.T.'s delayed reporting to challenge the credibility of both victims. The Missouri appellate court also considered that Petitioner did not meet his burden to show counsel's strategy was unreasonable and that it created prejudice. As such, the court finds that the decision of the Missouri appellate court, in regard to Petitioner's Ground 1, is not contrary to federal law and that it is a reasonable interpretation of federal law. See Young, 753 F.3d at 777; Garrett, 648 F.3d at 625; Flowers, 585 F.3d at 417. Additionally, the Missouri appellate court reasonably applied federal law to the facts of Petitioner's case when finding Ground 1 without merit. See Williams, 529 U.S. at 407-408, 413. As such, the

13

court finds that Petitioner's Ground 1 is without merit and that habeas relief on its basis should be denied.

**Ground 2:**

In Ground 2, Petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to object to the nurse's testimony as to why children delay reporting sexual assaults.

On direct appeal, Petitioner challenged the nurse practitioner's testimony about her examination of A.T. Specifically Petitioner challenged the nurse practitioner's response to the prosecutor's asking her if there are reasons, based on her training and experience, that "children delay reporting." (Resp. Ex. H at 30-37). In response, the nurse practitioner testified that:

> There [are], various reasons [for delayed reporting]. One is fear of the abuser. The alleged abuser. One is family dynamics. Maybe the alleged abuser has told the child if you say anything, I'll have to leave your mom, and, that's just gonna hurt her, kill her. They don't want to upset the family dynamics a lot of times. And, if they do disclose, it's usually at a time where, either there's been a separation or a divorce and the child feels safe.

(Resp. Ex. J at 3).

When next asked if "children sometimes [are] afraid people won't believe them," the nurse practitioner responded, "[o]ften times, yes." The Missouri appellate court noted that this testimony was given without objection. (Resp. Ex. J at 3-4).

Upon addressing the issue of Petitioner's Ground 2, the Missouri appellate court held:

> When a movant claims that counsel rendered ineffective assistance for failing to object, movant must demonstrate (1) that the objection would have been meritorious, and (2) that counsel's failure to object substantially deprived the movant of his or her right to a fair trial. Jackson v. State, 205 S.W.3d 282, 288 (Mo. App. 2006). Counsel cannot be held ineffective for failing to make a non-meritorious objection. Storey v. State, 175 S.W.3d 116, 132 (Mo. App. 2005). Although specific testimony concerning an alleged victim's credibility is inadmissible, the trial court is afforded wide latitude in admitting an expert's testimony concerning general behaviors and characteristics commonly observed in sexual-abuse victims. State v. Silvey, 894 S.W.2d 662, 671 (Mo. banc 1995).

(Resp. Ex. J at 9).

The Missouri appellate court then cited Missouri v. Calvert, 879 S.W.2d 546, 549 (Mo. Ct. App. 1994), in which case an expert witness testified that it "is common for sexually abused children to delay in reporting the incidents and to recant their allegations," and in which case the court held that such evidence was proper in that "[g]eneral profile evidence has been accepted to explain victim behavior that might appear unusual to a lay juror who is unfamiliar with the behavioral characteristics of child victims of sexual abuse." (Resp. Ex. J at 9). The Missouri appellate court then held:

> Here the unchallenged testimony does not contain any reference to either victim or Movant; rather, the SAFE nurse practitioner used such general terms as "the child" and "the alleged abuser" in responding to questions regarding "children" and "people." The hypothetical scenario she offered involved an abuser, the threat of that

15

abuser leaving or killing the "mom," and a separation or divorce acting as a catalyst to the child reporting the abuse at a later time. This hypothetical bears no similarity to the case at hand, and it was not an abuse of the trial court's discretion to admit it. Any objection made to its admission during trial would have been without merit. As counsel cannot be found ineffective for failing to make a non-meritorious objection, see Storey, 175 S.W.3d at 132, Movant's second point is denied.

(Resp. Ex. J at 9-10).

Notably, in regard to Petitioner's Ground 2 the Missouri appellate court considered, consistent with Strickland, 466 U.S. at 688, 694, that Petitioner was required to establish both that counsel's performance was unreasonable and that he suffered resulting prejudice. Also, consistent with federal law, the Missouri appellate court considered that, had defense counsel objected to the allegedly objectionable testimony, such an objection would have been overruled and that, therefore, Petitioner could not establish prejudice resulting from counsel's alleged ineffectiveness. See Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) ("Because the promise of leniency argument was factually meritless, his counsel was not ineffective for failing to make this argument, and his counsel's trial strategy cannot be challenged on the basis of a meritless claim."); Holloway v. United States, 960 F.2d 1348, 1356 (8th Cir. 1992) (holding that there can be no prejudice where counsel fails to raise a non-meritorious issue).

Also, to the extent the Missouri appellate court relied on State law when considering whether the nurse practitioner's testimony was properly admitted, the

United States Supreme Court has held that "'federal habeas corpus relief does not lie for errors of state law'" and that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) and citing Pulley v. Harris, 465 U.S. 37, 41 (1984)). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. Scott v. Jones, 915 F.2d 1188, 1190-91 (8th Cir. 1990); Johnson v. Steele, 2014 WL 4627174, at *7 (E.D. Mo. Sept. 12, 2014) (unpublished). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." Evans v. Luebbers, 371 F.3d 438, 443 (8th Cir. 2004) (citing Estelle, 502 U.S. at 68). To implicate a due process violation, the alleged improper evidence must be "so egregious that [it] fatally infected the proceedings and rendered [the] entire trial fundamentally unfair." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

Additionally, under federal law, "the admission of evidence is a matter of discretion for the trial court." United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir. 1997). Even where admission of evidence is erroneous, such admission does not necessarily fatally infect a trial. See e.g., Strong v. Roper, 737 F.3d 506, 522 (8th Cir. 2013) (finding no error even if a "PowerPoint" presentation of the

17

"graphic crime scene and autopsy report" should not have been shown to the jury; "[i]n light of the overwhelming evidence of [the defendant's] guilt and the strength of the state's case for the imposition of the death penalty, the Missouri Supreme Court reasonably concluded that the PowerPoint presentation did not deprive Strong of a fair trial."); Kuntzelman v. Black, 774 F.2d 291, 292 (8th Cir. 1985) (per curiam) (finding no error of constitutional magnitude in the admission of "particularly gruesome" photographs where the photographs "were at least arguably relevant and probative in showing the identity and condition of the deceased, the location of the wound, and the intent of [the petitioner] in firing the shot that killed [the victim]").

Thus, the court finds that the decision of the Missouri appellate court, in regard to Petitioner's Ground 2, is not contrary to federal law and that it is a reasonable interpretation of federal law. Additionally, the Missouri appellate court reasonably applied federal law to the facts of Petitioner's case when finding Ground 2 without merit. See Williams, 529 U.S. at 407-408, 413; Strickland, 466 U.S. at 687-88, 689; Strong, 737 F.3d at 522; Thai, 412 F.3d at 978; Holloway, 960 F.2d at 1356.

# VI.
# CONCLUSION

For the reasons stated above, the court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial

18

showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the court will not recommend a certificate of appealability issue or that in forma pauperis be granted on appeal. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED** (Doc. 1);

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued and in forma pauperis not be granted on appeal. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Dated this 27th day of July 2015.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE